**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIDE THE DUCKS SEATTLE LLC, | No. 20-35854 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01408-MJP |
| v. | |
| RIDE THE DUCKS INTERNATIONAL, LLC; CHRIS HERSCHEND; JANE DOE HERSCHEND; HERSCHEND FAMILY ENTERTAINMENT CORPORATION, | MEMORANDUM* |
| Defendants-Appellees. | |
| RIDE THE DUCKS SEATTLE LLC, | No. 20-35906 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-01408-MJP |
| v. | |
| RIDE THE DUCKS INTERNATIONAL, LLC; CHRIS HERSCHEND; JANE DOE HERSCHEND; HERSCHEND FAMILY ENTERTAINMENT CORPORATION, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted December 10, 2021
Seattle, Washington

Before:  McKEOWN, MILLER, and BADE, Circuit Judges.

Ride the Ducks Seattle, LLC (Seattle) purchased amphibious tourist vehicles called "duck boats" from Ride the Ducks International, LLC (International). Following a deadly crash of one of the vehicles operated by Seattle in September 2015, Seattle and International began to wind down their business relationship. In a 2018 agreement (the Waiver Agreement), both parties agreed to "waive and release all rights and claims against each other to be protected, defended, indemnified, and held harmless from any and all claims, demands, actions, or causes of action arising from or relating in any way to the accident on September 24, 2015."

The agreement notwithstanding, Seattle filed a complaint in Washington state court asserting a single claim under the Washington Consumer Protection Act (CPA) against International; two of International's directors, Chris and Jane Doe Herschend; and International's parent company, Herschend Family Entertainment Corporation. International removed the case to federal court and asserted a counterclaim alleging that Seattle had violated the CPA. The case was then consolidated with a separate action, in which International alleged a CPA claim against Seattle's CEO, Brian Tracey.

2

The district court granted summary judgment on two alternative grounds. It first held that the Waiver Agreement released all claims the parties had against one another relating to the crash. It also held that the alleged deceptive acts were not of the kind "likely to mislead a 'reasonable' or 'ordinary' consumer," and thus did not give rise to claims under the CPA. Seattle appeals, and International cross-appeals. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part, dismiss in part, and remand for further proceedings.

1.   The district court concluded that the Waiver Agreement "insulates both sides from all further claims arising out of the September 2015 accident." But the language of the Agreement is not broad enough to support that reading. The parties agreed to release all rights and claims to be indemnified against each other from "any and all claims, demands, actions, or causes of action arising from or relating in any way to" the crash. Seattle claims that it suffered harm to its business and property due to International's allegedly deceptive conduct. International claims that Seattle caused it to suffer "lost reputation" that resulted in economic losses. Those are themselves claims arising from or relating to the crash; they are not claims for *indemnification* from claims arising from or relating to the crash. *Cf. Central Wash. Refrigeration, Inc. v. Barbee*, 946 P.2d 760, 764 (Wash. 1997) ("Indemnity actions are distinct, separate causes of action from the underlying wrong . . . ."). Accordingly, the parties did not waive those claims in the Waiver

3

Agreement.

The district court also granted summary judgment on the CPA claim because the relevant conduct did not have the capacity to deceive "a substantial portion of the public," thus defeating the first element of the CPA claim. *See Young v. Toyota Motor Sales, U.S.A.*, 472 P.3d 990, 993–94 (Wash. 2020). But International did not raise that theory in its motion for summary judgment, and Seattle had no opportunity to submit evidence or to brief the issue. Although "whether [an act] had the capacity to deceive a substantial portion of the public" is a "question of law," *State v. LA Inv'rs, LLC*, 410 P.3d 1183, 1193 (Wash. Ct. App. 2018), the district court erred in granting summary judgment sua sponte before giving the parties "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f).

Additionally, the district court erred in granting summary judgment on the "public interest" element of the CPA claim. Whether an allegedly deceptive act affects the public interest is a question of fact, and the district court erred in granting summary judgment before either side had an opportunity to develop the factual record. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*, 719 P.2d 531, 537–38 (Wash. 1986); Fed. R. Civ. P. 56(f). Seattle argues that International violated two sections of the Washington Auto Dealer Practices Act, Wash. Rev. Code §§ 46.70.005–.70.900. The Washington Legislature has declared that a violation of that Act affects the public interest *per se*. Wash. Rev. Code §

4

46.70.310; *see Sherwood v. Bellevue Dodge, Inc.*, 669 P.2d 1258, 1260–62 (Wash. Ct. App. 1983), *amended by* 676 P.2d 557 (Wash. Ct. App. 1984). In granting summary judgment on Seattle's CPA claim sua sponte, the district court did not consider whether Seattle could satisfy the public-interest element by proving that International's conduct breached either of these statutes.

We therefore reverse the district court's grant of summary judgment and remand for further proceedings on both Seattle's and International's CPA claims.

2.　　Finally, although it asserted a CPA claim against Tracey, International did not name Tracey or identify the relevant portion of the district court's order in its notice of cross-appeal. Applying this court's functional approach to the interpretation of notices of appeal, we find no indication in the notice of cross-appeal that International intended to appeal the district court's order and judgment dismissing its claim against Tracey. *See Le v. Astrue*, 558 F.3d 1019, 1022–23 (9th Cir. 2009). International's briefs may have provided some clarification regarding the scope of its intended appeal, but Tracey has not had an opportunity to respond to arguments made against him and thus would suffer prejudice if we were to address the issue. *Id.* at 1023. We therefore lack jurisdiction to consider International's claim against Tracey. Fed. R. App. P. 3; *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988) (describing Rule 3's requirements as jurisdictional).

All pending motions are denied as moot.

Each party shall bear its own costs on appeal.

**REVERSED IN PART, DISMISSED IN PART, and REMANDED.**