UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIDE THE DUCKS SEATTLE LLC, <br><br> Plaintiff, <br><br> v. <br><br> RIDE THE DUCKS INTERNATIONAL LLC, CHRIS HERSCHEND, JANE DOE HERSCHEND, HERSCHEND FAMILY ENTERTAINMENT CORPORATION, BRIAN TRACEY, and JANE DOE TRACEY, <br><br> Defendants. | CASE NO. C19-1408 MJP <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXCLUDE DEFENSE EXPERTS |

This matter comes before the Court on Plaintiff's Motion to Exclude Defense Experts Haug, Martyn, Sangdahl, Wilkinson, Hineman, and Cahill. (Dkt. No. 86.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 91), the Reply (Dkt. No. 93), and all supporting materials, the Court GRANTS in part the Motion.

## BACKGROUND

Plaintiff has moved to exclude the following expert witnesses: (1) Dwayne Haug, (2) David Martyn (3) Stanley Sangdahl, (4) John A. Wilkinson, (5) Mark A. Hineman, and (6) Kevin E. Cahill. (Mot. at 1.) Plaintiff asserts that Defendants failed to disclose these experts and serve copies of their reports by September 12, 2022, the deadline the Court set for expert disclosures under Federal Rule of Civil Procedure 26(a)(2). (Id. at 2; see Case Scheduling Order at 1 (Dkt. No. 80).) Although Defendants disclosed seven experts on September 12, 2022, they served a report for only one of them, omitting reports from Haug, Martyn, Sangdahl, Wilkinson, Hineman, and Cahill. Instead, Defendants indicated that they "believed" Plaintiff possessed copies of summaries of opinions from Haug, Sangdahl, Wilkson, and Hineman. And as to Martyn, Defendant claimed that Plaintiff had or could be provided a copy of the transcript of his testimony from a related trial. But as to Cahill, Defendants explain that they timely served his rebuttal expert report on October 12, 2022.

Defendants did not timely file a response to the Motion, which noted for decision on October 28, 2022. (Dkt. No. 86.) Although their response was due on October 24, 2022, Defendants filed an opposition on November 3, 2022. (Dkt. No. 91); see Local Civil Rule 7(d)(3) (setting forth the deadlines for the response to the motion). In their brief, Defendants offer no reason for the late filing and do not even mention the fact that their response was tardy.

## ANALYSIS

A party must disclose testifying experts at "the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(A) and (D). Here, the time to make such disclosures was set by the Court for September 12, 2022. (See Case Scheduling Order at 1 (Dkt. No. 80).) For retained experts, the disclosure must include a written and signed report containing:

      (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

      (ii) the facts or data considered by the witness in forming them;

      (iii) any exhibits that will be used to summarize or support them;

      (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

      (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

      (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). Expert rebuttal reports are due "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court here finds that exclusion is proper, except as to Cahill's rebuttal opinions.

      First, the Court notes that Defendants' failure to respond in a timely manner to the Motion is an adequate reason to grant the Motion. But the Court declines to do so, given that the issues are straightforward and a decision on the merits serves the interests of justice. The Court notes that any future failure to abide by briefing deadlines will not likely be overlooked.

      Second, except as to Cahill's rebuttal opinions that were timely disclosed, Defendants failed to comply with expert disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B). And they have failed to provide evidence or reason why the failure was substantially justified or harmless. The mere fact that these experts testified in a related case does not absolve Defendants of serving written reports specific to the case pending before this Court, as required by the Federal Rules. And Defendants cite no authority that might support their position. Plaintiff

has also identified that it will be prejudiced by the lack of these disclosures, particularly since they will be unable to conduct discovery within the existing deadlines.

The Court therefore GRANTS the Motion and excludes the following experts: (1) Haug, (2) Martyn, (3) Sangdahl, (4) Wilkinson, and (5) Hineman. As to Cahill, the Court will permit him to provide rebuttal opinions only. Cahill's opinions must specifically rebut the opinions of Plaintiff's experts, and cannot be used as a means of skirting this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 18, 2022.

Marsha J. Pechman
United States Senior District Judge